UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID WILLIAM MONK,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C26-0029-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff was born in April 1963, has a high school education, and has worked as a laborer and owner of a feed mill. AR 42-43, 166, 209. Plaintiff was last gainfully employed in 2018. AR 179.

On May 22, 2023, Plaintiff applied for benefits, alleging disability as of November 7, 2018. AR 166. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 17. After the ALJ conducted a hearing on March 7, 2025, the ALJ issued a decision finding Plaintiff not disabled. *Id.*

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> **Step one**: Plaintiff did not engage in substantial gainful activity from November 7, 2018, through his date last insured, December 31, 2023.
>
> **Step two**: Plaintiff has the following severe impairments: lumbar spine stenosis; anxiety and panic disorder; depression.
>
> **Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity**: Plaintiff can perform medium work except he can understand, remember, and carry out simple instructions; can deal with occasional changes in a routine work setting; can have occasional interaction with supervisors and co-workers; can have no interaction with the public.
>
> **Step four**: Plaintiff has no past relevant work.
>
> **Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17-28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

//

---

[1] 20 C.F.R. §§ 404.1520.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating his testimony, failing to address the lay witness evidence, and failing to incorporate all opined limitations from accepted medical opinions. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A. The ALJ Erred in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

At his hearing, Plaintiff testified about his previous work, mostly heavy labor, and the circumstances around the feed mill he owned burning down in 2018. *See* AR 35-59. But neither Plaintiff's attorney nor the ALJ asked specific questions about Plaintiff's functioning during the relevant period, and consequently Plaintiff provided very little testimony about his symptoms and limitations. *See id.* However, Plaintiff completed a function report which is included in the record and provides some evidence of his subjective symptoms.[3] AR 230-37.

The ALJ determined that Plaintiff, who had lumbar spine stenosis and was 55-60 years old during the relevant period, had the residual functional capacity to perform medium work with no additional physical limitations. AR 22. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567. The ALJ discounted Plaintiff's statements of physical limitations due to "generally unremarkable" physical exams, including an ability to ambulate with a normal gait and full motor strength. AR 22-23. She acknowledged that Plaintiff had a history of lumbar

[3] Plaintiff states that this function report was completed in March 2023, Dkt. 9 at 2, but the record is unclear when Plaintiff completed the form as the Court Transcript Index dates the report September 2023, and Plaintiff listed his birth date in the "Date" field of the form, *see* AR 237.

pain, including an emergency room visit, sciatica, and an MRI showing foraminal narrowing and radiculopathy. AR 23 (citing AR 601-04, 651). The ALJ does not explain which limitations she thinks this evidence contradicts, or even how this evidence supports her RFC finding. *See Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1102 (9th Cir. 2014) ("we require the ALJ to specifically identify the testimony from a claimant she or he finds not to be credible and explain what evidence undermines the testimony." (cleaned up)).

Nor did the ALJ appropriately link Plaintiff's testimony of poor mental health to the evidence she apparently found contradicted it. *See* AR 23. The ALJ's recitation of Plaintiff's tried and failed medical interventions does not clearly show improvement, or which portions of Plaintiff's testimony the ALJ was rejecting. *See id.* "'[Regarding] mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.'" *Diedrich v. Berryhill*, 874 F.3d 634, 642 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)). Accordingly, the ALJ erred in evaluating Plaintiff's testimony.

**B. The ALJ Erred in Evaluating the Lay Witness Testimony**

An ALJ may discount lay witness statements for germane reasons, but if an ALJ gives no reason, germane or otherwise, she legally errs. *Fain v. Bisignano*, 191 F.4th 1161, 1169-70 (9th Cir. 2026). Plaintiff's daughter, C.M., provided a third-party function report in September 2023 which contains relevant details about Plaintiff's symptoms. AR 218-25. She described Plaintiff's difficulty living day-to-day life, and included information not provided in Plaintiff's self-report or testimony, such as Plaintiff's waxing and waning symptoms, difficulty getting along with others, and his overall worsening mental status. AR 220-23. The ALJ did not

provide any reason to discount this evidence, and simply stated that she "considered the report." AR 24. This is legal error and requires remand.

As remand is otherwise required, the Court does not address Plaintiff's remaining arguments.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should conduct a new hearing, reevaluate Plaintiff's testimony, evaluate the lay witness evidence, and proceed through the remaining steps of the sequential evaluation as appropriate.

Dated this 13th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge